UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-50(1)(DSD/JSM)

United States of America,

       Plaintiff,

v.   **ORDER**

Manuel Omar Valenzuela-Gutierrez,

       Defendant.

    Allen A. Slaughter, United States Attorney's Office, 316 North Robert Street, Suite 404, St. Paul, MN 55101, counsel for plaintiff.

    Manuel Omar Valenzuela-Gutierrez, #16868-041, CF - Dalby, 805 North Avenue F, Post, TX 79356, defendant pro se.

This matter is before the court upon the motion by defendant Manuel Omar Valenzuela-Gutierrez for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On November 8, 2013, defendant pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The court sentenced defendant on January 21, 2014, to 90 months' imprisonment, followed by four years of supervised release. In doing so, the court significantly departed from the applicable guidelines range of 188-235 months. Defendant now moves for a reduction in his total sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. The government opposes the motion on the ground that the court's departure from the applicable guidelines range at sentencing precludes application of the

amendment in this case. The court agrees.

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. 18 U.S.C. § 3582(c). In 2014, the Sentencing Commission promulgated Amendment 782, which retroactively reduces the base offense level for many drug offenses by two levels. See U.S.S.G. §§ 1B1.10, 2D1.1(c); id. app. C, amend. 782. However, the two-level reduction is not applicable, where, as here, a below-guideline sentence was imposed for reasons other than substantial assistance: "[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). Consistent with this policy statement, defendant's potential sentencing reduction is limited to the bottom of his amended guideline range, which is 151 months. Having already sentenced defendant well below that range, the court lacks the authority to further reduce his sentence.

Defendant also requests the appointment of counsel. However, a defendant has no Sixth Amendment right to counsel in a § 3582(c) proceeding. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). The court declines to appoint counsel, given the straightforward nature of the issue.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) [ECF No. 85] is denied; and

2. The motion to appoint counsel [ECF No. 86] is denied.

Dated:   January 29, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court
